

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

EVAN BRUSTEIN
*Senior Counsel*
Tel.: (212) 356-2651
Fax: (212) 356-3509
ebrustei@law.nyc.gov

April 19, 2017

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Meng Meng Lin. v. City of New York, et al.</u>,
       16-CV-2270 (ERK) (PK)

Your Honor:

    I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendants City of New York, Commissioner William Bratton, Inspector Ronald Leyson, Police Officer Brian Leguernic, and Police Officer Kaisser Surriga. I write in response to a letter filed by Chunyu Jean Wang, Esq. on April 17, 2017, seeking sanctions for not producing defendants' disciplinary records and not providing medical records for Police Officer Surriga, as well as to compel three depositions on April 21, 2017.

    With respect to the production of disciplinary records, plaintiff has misstated the relevant facts. On March 30, 2017, the undersigned spoke with Ms. Wang, both through email and on the telephone regarding this issue. The undersigned informed Ms. Wang that the redactions made by Defendants to disciplinary records pertained to allegations that were neither substantiated nor unsubstantiated. Ms. Wang, then asked for an example of a category that was neither substantiated not unsubstantiated and the undersigned informed her that an allegation could also be exonerated. Ms. Wang then requested Defendants unredact all the redacted information. The undersigned informed Ms. Wang that the Court had ordered only the production of substantiated and unsubstantiated allegations and the Defendants were in compliance, and Ms. Wang stated that Defendants should still provide the other records. Defendants maintain their previous objections and submit that they have complied with the Court's Order. As such, plaintiff's request for sanctions should be denied.

    With respect to the medical records for Police Officer Surriga, plaintiff did not speak with Defendants regarding this issue prior to his application to the Court.

Notwithstanding, that, Defendants are not in possession, custody or, control of Officer Surriga's medical records. Prior to March 1, 2017, Defendants both advised plaintiff that Officer Surriga sought medical treatment, as well as requested those records. To date, Defendants have not received any records back from the provider. Defendants understand their continuing obligation to produce these records and will provide the records with the appropriate redactions and pursuant to the Stipulation of Confidentiality endorsed by the Court on February 15, 2017, when they are received.

Lastly, regarding plaintiff's request to depose three officers on one day, plaintiff again misrepresented the relevant facts. On March 20, 2017, Plaintiff provided notices of deposition for Officers Surriga, Leguernic, and Johnston for the date of April 21, 2017. On March 22, 2017, the undersigned wrote to Ms. Wang and informed her that Officer Surriga was available on April 21, 2017, but the other two officers were unavailable. That same day, Ms. Wang wrote back and informed the undersigned that plaintiff wished to conduct all three depositions in one day and requested dates that all three officers were available. The undersigned wrote back to Ms. Wang and informed her that prior to scheduling three depositions in a single day, there needed to be an agreement as to how long each deposition would last. Ms. Wang responded that if the depositions lasted longer than planned, they would continue the following business day. The undersigned informed Ms. Wang that if three depositions were to be scheduled in a single day, there would need to be at least 30-45 minutes between each deposition for the undersigned to prepare. The undersigned further stated that there was no reason for a single deposition to be spread out over two days. On April 6, 2017, when Defendants had not heard back from plaintiff regarding the officers' depositions, the undersigned wrote Ms. Wang and advised her that April 26, 2017 was a date on which all three officers could be deposed, provided each deposition was limited to a set time frame, which could be decided by plaintiff. The undersigned further advised plaintiff that based on Plaintiff's desire to depose multiple officers in a single day and only one officer being available, the undersigned was no longer reserving April 21, 2017 for Officer Surriga's deposition. The undersigned further provided a proposed schedule for deposing the three officers on April 26, 2017. Ms. Wang rejected the proposal and stated that she would only agree to limit the time for each deposition, if Defendants agreed not to object during the depositions. She further stated that Defendants' recitation of the prior conversations were inaccurate, but failed to identify any specific error.

The undersigned will be away on scheduled vacation from April 20, 2017 through April 24, 2017. As plaintiff has made any attempts to schedule any of the depositions for April 26, 2017, Defendants are no longer available on April 26, 2017.

In light of the foregoing, Defendants respectfully request the Court deny plaintiff's motion in its entirety. Thank you for your consideration herein.

Respectfully submitted,

/s/
Evan Brustein
Senior Counsel
Special Federal Litigation Division

cc:   Chunyu Jean Wang, Esq. (By ECF)
      *Attorney for Plaintiff*

2